**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CLARENCE WHITAKER-JONES,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-4993** |
| | : | |
| **MICHAEL TULL,** *et al.*, | : | |
| **Defendants.** | : | |

**MEMORANDUM**

KENNEY, J.                                                    NOVEMBER 13, 2020

Plaintiff Clarence Whitaker-Jones, a convicted inmate currently housed at SCI-Mahanoy, filed this civil action pursuant to 42 U.S.C. § 1983. Named as the Defendant is Michael Tull. Whitaker-Jones seeks to proceed *in forma pauperis* and has submitted a copy of his institutional account statement. For the following reasons, the Court will grant Whitaker-Jones leave to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.      **FACTUAL ALLEGATIONS**

Whitaker-Jones alleges that on April 10, 2010 he encountered Defendant Tull standing outside of Tull's residence. (ECF No. 2 at 1.)[1] Whitaker-Jones knew that Tull wanted sexual favors. He approached Tull and asked him for directions and Tull allegedly solicited sexual favors. (*Id.*) The two negotiated an agreement for sexual favors, a sex act occurred, and Tull then told Whitaker-Jones to follow him to a secluded area to continue their liaison out of sight. (*Id.* at 2.) A further sexual act occurred and, afterward when Whitaker-Jones tried to leave, Tull

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

grabbed him by the arm causing Whitaker-Jones into a jerk reaction that triggered a gun he was holding to fire, hitting Tull in his leg.  (*Id.*)  Whitaker-Jones asserts that "at no time relevant [did he act] in the right framed [sic] of mind due to him being underage and on self prescribe drugs such as P.C.P., Oxycotton [sic] and Marijuana that was already in the plaintiff's system."  (*Id.*)  Whitaker-Jones asserts claims for money damages against Tull for violating the Eighth and Fourteenth Amendment and state statutes.  (*Id.*)

A review of public records shows that Whitaker-Jones was arrested on April 10, 2010 by Chester police on charges of attempted criminal homicide, burglary, robbery, possession of a firearm by a prohibited person, theft, aggravated assault, loitering and prowling at night, and related offenses, *see Commonwealth v. Whitaker-Jones*, CP-239-CR-0002536-2010 (C.P. Del.). He entered a guilty plea to burglary, and two counts of aggravated assault on October 19, 2010 for which he received a custodial sentence of three to eight years on the burglary conviction, to run consecutive to a sentence of six to twelve years on the aggravated assault convictions.  (*Id.*)

## II.    STANDARD OF REVIEW

The Court grants Whitaker-Jones leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

---

[2] However, as Whitaker-Jones is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted).   Conclusory allegations do not suffice. *Id.* As Whitaker-Jones is

proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d

333, 339 (3d Cir. 2011).

## III.   DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is

Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S.

42, 48 (1988).

Whether a defendant is acting under color of state law — i.e., whether the defendant is a

state actor — depends on whether there is "such a close nexus between the State and the

challenged action' that seemingly private behavior may be fairly treated as that of the State

itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).  "To

answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme

Court jurisprudence to determine whether state action exists:  (1) whether the private party has

exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the

private party has acted with the help of or in concert with state officials; and (3) whether the state

has so far insinuated itself into a position of interdependence with the acting party that it must be

recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

The only allegations regarding Tull's status are that he was a private party who apparently solicited Whitaker-Jones to perform a sex act and was then the victim of the crimes for which Whitaker-Jones was convicted.  This is insufficient to make him liable as a state actor under § 1983.  "Complaining in person to the police or filing a civilian criminal complaint are not acts of the State; they are acts that anyone can do.  Filing a report or a civilian complaint does not transform a private citizen into a State actor." *Sous v. Timpone*, Civ. A. No. 15-7972, 2016 WL 2625325, at *4 (D.N.J. May 9, 2016) (citing *Boyce v. Eggers*, 513 F. Supp. 2d 139, 144-45 (D.N.J. 2007)).  Participation in the related police investigation also does not render a private person a state actor for purposes of § 1983.  *See Baack v. Rodgers*, Civ. A. No. 14-875, 2014 WL 4632380, at *1, 3 (E.D. Pa. Sept. 17, 2014) (rejecting § 1983 false arrest claim against a hospital and two of its employees who filed a police report regarding plaintiff's conduct because "reporting suspicious conduct to the police — or answering police questions about that conduct — without more, does not transform the Hospital Defendants into state actors" (citations omitted)); *Collins v. Christie*, Civ. A. No. 06-4702, 2007 WL 2407105, at *4 (E.D. Pa. Aug. 22, 2007) ("[E]ven if Dr. Columbo intentionally provided the false information to the police, the plaintiff would still fail to state a claim under § 1983."); *O'Neil v. Beck*, Civ. A. No. 04-2825, 2005 WL 2030319, at *2 (M.D. Pa. Aug. 4, 2005) (concluding that allegations that a private citizen filed a false police report and wanted to see the plaintiff arrested are "simply insufficient" to establish that the private citizen is a state actor for purposes of a claim brought pursuant to section 1983).  Accordingly, because Defendant Tull cannot be deemed a state actor, Whitaker-Jones's claims against him under § 1983 must be dismissed under 28 U.S.C. § 1915(e)(2)(B).

4

To the extent Whitaker-Jones cites to state statutes in his Complaint as the basis for a §

1983 claim, that too would not assert a plausible claim.  Criminal statutes generally do not give

rise to a basis for civil liability.  *See Brown v. City of Philadelphia Office of Human Res.*, 735 F.

App'x 55, 56 (3d Cir. 2018) (per curiam) ("Brown alleges that the defendants violated various

criminal statutes, but most do not provide a private cause of action."); *Brown v. U.S. Dist. Ct. for

the E. Dist. of Pa.*, Civ. A. No. 18-747 (E.D. Pa.) (Apr. 9, 2018 Order at 6 (dismissing claims

under 18 U.S.C. § 1589 as "meritless and frivolous")), *aff'd*, 740 F. App'x 239, 240 (3d Cir.

2018) (per curiam); *Brown v. Progressive Specialty Ins. Co.*, Civ. A. No. 17-5409, 2017 WL

6210283, at *1 (E.D. Pa. Dec. 7, 2017) ("[F]ederal criminal statutes generally do not provide a

basis for civil liability."), aff'd, No. 18-1005, 2019 WL 1422895 (3d Cir. Mar. 29, 2019).

To the extent Whitaker-Jones cited the state statutes in order to raise a state law claim,

the Court notes that he recited only statutory section numbers without indicating a chapter, title

or section name for any statute he lists.  It is, therefore, not possible to discern the actual state

statutes Whitaker-Jones alleges Tull violated.  The Court will not address whether any state

statute creates a private right of action because the Court has dismissed Whitaker-Jones's federal

claims, and the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)

over any state law claims.  Accordingly, the only independent basis for jurisdiction over any

such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which

"the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,

and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'

even though only minimal diversity is constitutionally required.  This means that, unless there is

some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any

defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment."  *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).

It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).  Whitaker-Jones asserts he was homeless prior to his imprisonment and that Tull resides in Chester, Pennsylvania.  (ECF No. 2 at 8.)  This is insufficient to meet the burden to establish diversity.  Accordingly, any state law claim will be dismissed for lack of subject matter jurisdiction without prejudice to Whitaker-Jones refiling his claims in the appropriate state court.[3]

An appropriate order follows.

**BY THE COURT:**

**/s/ Chad F. Kenney**
_____
**CHAD F. KENNEY, J.**

---

[3] The Court expresses no opinion on any claims Whitaker-Jones might file in state court.