# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CLARENCE WHITAKER-JONES,** : | |
|     **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 20-CV-4993** |
| : | |
| **MICHAEL TULL,** *et al.*, : | |
|     **Defendants.** : | |

## ORDER

AND NOW, this 13th day of November 2020, upon consideration of Plaintiff Clarence Whitaker-Jones's Motion to Proceed *In Forma Pauperis* (ECF No. 1), his Prisoner Trust Fund Account Statement (ECF No. 7), and his *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Clarence Whitaker-Jones, # JT-5562, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI-Mahanoy or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Whitaker-Jones's inmate account; or (b) the average monthly balance in Whitaker-Jones's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent of SCI-Mahanoy or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Whitaker-Jones's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Whitaker-Jones's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent of SCI-Mahanoy.

4. The Complaint is **DEEMED** filed.

5. The Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** as follows:

   a. All claims brought pursuant to 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum;

   b. All claims brought pursuant to state law are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

6. The Clerk of Court is **DIRECTED** to close this case.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, J.**